UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Grady Ashe, Sr.** *formerly #279179,* *aka Grady Ashe,*<br>              Plaintiff,<br><br>vs.<br><br>Chief Jailer Franklin Y. Smith, Dorchester County Detention Center;<br>Sheriff Ray Nash; and<br>Captain Paster, Detention Commander,<br><br>              Defendants. | C/A No. 8:07-537-RBH-BHH<br><br><br>Report and Recommendation |

This is a civil rights action filed *pro se* by a detainee at a local detention center.[1] Plaintiff is currently confined at the Dorchester County Detention Center. In the Complaint filed in this case, Plaintiff writes in collective terms ("we" "our" "us") about the conditions of confinement of Dorchester County detainees. He alleges that they are forced to live in overcrowded, unsanitary conditions and that their food is delivered to them late, cold, and in unhygienic fashion. Plaintiff does not allege that he personally (or any other detainee for that matter) has suffered any type of physical injury or illness as a result of the conditions complained of. He asks this Court to award $150,000.00 to "each individual for crule [sic] and unusual punishment and mental stress." He also states, "[w]e also ask that all conditions be address properly." (Complaint, at 5).

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Pro Se Review**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Discussion**

Initially, this case should be dismissed because Plaintiff appears to be trying to make a collective claim for detainees other than himself. None of the other detainees signed the Complaint

although Plaintiff does include a "witness list" with numerous names and addresses on it as an exhibit to his Complaint. Plaintiff does not claim any personal injury on his on behalf. Such *pro se* claims on behalf of others are not cognizable in federal court. Although a plaintiff has the right to appear *pro se* on his own behalf, he may not represent another *pro se* plaintiff in federal court. *See* Klocek v. Gateway, Inc., 104 F. Supp. 2d 1332, 1344 (D. Kan. 2000)(citing 28 U.S.C. § 1654). Courts have consistently held that a litigant acting *pro se* is not able to adequately represent the interests of other *pro se* litigants. Maldonado v. Terhune, 28 F. Supp. 2d 284, 288 (D.N.J. 1998); Caputo v. Fauver, 800 F. Supp. 168, 170 (D. N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action."); *see* Allnew v. City of Duluth, 983 F. Supp. 825, 830 (D. Minn. 1997) (courts have consistently held that a class representative cannot properly appear *pro se*) (listing cases).

Moreover, even if the Complaint could be liberally construed as raising claims personal to Plaintiff, in absence of additional allegations showing that Plaintiff suffered more than "mental stress" as a result of the conditions of his confinement and that Defendants were aware of such injury but did nothing to correct the problems, no Fourteenth Amendment "punishment" claim is stated.[2] With respect to Plaintiff's allegations about the crowded facilities, dirty surroundings, and cold food to which he and others are subjected while confined in Dorchester County, the United States Supreme Court explained in Farmer v. Brennan, 511 U.S. 825 (1994), that a prison official violates

---

[2] While the Due Process Clause of the Fourteenth Amendment guarantees pretrial detainees – such as Plaintiff -- humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998); *see also* Chisolm v. Cannon, No. C.A. 4:02-3473-RBH, 2006 WL 361375 (D. S.C., Feb. 15, 2006). For this reason, the standards discussed in Farmer v. Brennan are equally applicable in Plaintiff's case.

the Eighth Amendment (or the Fourteenth Amendment in the case of pretrial detainees *only* when two requirements are met: (i) the alleged deprivation must be, objectively, "sufficiently serious," resulting "in the denial of 'the minimal civilized measure of life's necessities,'" and (ii) the prison official must have a 'sufficiently culpable state of mind,'" *i.e.*, "'deliberate indifference' to inmate health or safety." Id. at 834 (citations omitted). The Court further determined that its standard for "deliberate indifference" would be "subjective recklessness as used in the criminal law." Id. at 839-40. "In short, the Court concluded that a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Forbes v. Edgar, 112 F.3d 262, 266 (7th Cir. 1997) (citing Farmer at 847); *see also* Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(applying Eighth Amendment analysis in a conditions-of-confinement case filed by a state pretrial detainee)

Regarding the objective prong of the Farmer v. Brennan analysis, it has been held that overcrowding alone is not "sufficiently serious" to establish a constitutional violation. *See* Rhodes v. Chapman, 452 U.S. 337, 348-49 (1981) (finding that housing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment). Although "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995) (citations omitted). The United States Supreme Court has cautioned the federal courts that they "ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment." Id. at 482; *see* O'Lone v. Estate of Shabazz, 482 U.S. 342, 353 (1987) (courts should not "substitute [their]

4

judgment . . . on difficult and sensitive matters of institutional administration . . . for the determinations of those charged with the formidable task of running a prison.").

In this case, Plaintiff alleges no conduct on Defendants' part that approaches "deliberate indifference": as stated previously, he claims no personal injury from the conditions of his confinement and, thus, he sets forth no facts showing that he faces "a substantial risk of serious harm" from any of the conditions of confinement of which he complains.[3]  As a result, the allegations contained in the Petition, even very liberally construed, are clearly inadequate to state a viable § 1983 cause of action arising from the conditions under which Plaintiff is confined in Dorchester County.  Without sufficient allegations to establish the requisite deliberate indifference of jail officials to a pervasive risk of harm to Plaintiff himself, this case is subject to summary dismissal without service of process.  *See* Stevenson v. Whetsel, No. 02-6191, 2002 WL 31693490 (10th Cir. Dec. 03, 2002).

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See* Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the

---

[3] Plaintiff cannot recover damages from the Defendants for "mental stress."  (Complaint, at page 5).  There is no constitutional right to be free from emotional distress, and, hence, there is no liability under § 1983 regarding such a claim.  Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985; Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989)(although § 1983 does not create a cause of action for emotional distress, emotional distress may be actionable under state law).

important notice on the next page.

                                                   Respectfully submitted,

                                                   s/Bruce Howe Hendricks
                                                   United States Magistrate Judge

March 1, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603