IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| GRADY ASHE, SR., ) | Civil Action No.: 8:07-537-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHIEF JAILER FRANKLIN Y. ) | |
| SMITH, Dorchester County ) | |
| Detention Center; SHERIFF RAY ) | |
| NASH; CAPTAIN PASTER, ) | |
| Detention Commander, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #6] of Magistrate Judge Bruce Howe Hendricks filed on March 1, 2007. Plaintiff is currently incarcerated at the Dorchester County Detention Center and brought this action under 28 U.S.C. § 1983 concerning the conditions of his confinement. Plaintiff alleges overcrowding, unsanitary living conditions, and that the food is delivered to the inmates late, cold, and in an unhygienic fashion. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on March 19, 2007.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the

recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

The Magistrate Judge recommended summary dismissal of the Plaintiff's claims. The Magistrate Judge concluded that to the extent the Plaintiff was attempting to bring claims on behalf of other inmates that Plaintiff's claims must fail because one *pro se* litigant cannot bring claims on behalf of other *pro se* litigants. The Magistrate Judge also concluded that even if the court construed Plaintiff's claims as personal to the Plaintiff and not on behalf of the other inmates, the Plaintiff's claims must fail because the Plaintiff had failed to show that: 1) he suffered more than "mental stress" as a result of the conditions of his confinement; and 2) Defendants were aware of Plaintiff's alleged injury and did nothing to correct the problems. Therefore, the Magistrate Judge found that Plaintiff's allegations were inadequate to state a viable § 1983 claim.

Plaintiff argues in his objections that when the cell block floods, feces, urine, and possibly Hepatitis are present in the water and that such amounts to a substantial risk of serious harm. Plaintiff also argues that he could be physically harmed due to overcrowding. Plaintiff complains that his food is served cold and is exposed to airborne germs and

communicable bacteria. Finally, Plaintiff argues that his clothes, linens and towels are not laundered frequently enough.

Despite Plaintiff's allegations, Plaintiff has failed to allege that he suffered any physical injury as a result of his living conditions. Title 42 U.S.C. § 1997e(e) states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." "As a prisoner, 42 U.S.C. 1997e(e) limits any recovery for mental or psychological damages to those cases which also include physical injury resulting from the complained-of conditions of confinement." *Webb v. Fox*, No. 9:06-1780-PMD, 2007 WL 1219402, at *6 (D.S.C. April 24, 2007). Because the Plaintiff has not alleged that he suffered from any physical injuries as a result of the conditions of his confinement, his § 1983 claim for monetary damages must be dismissed.

However, Plaintiff also appears to make a claim for injunctive relief. "We also ask that all conditions be address [sic] properly." Plaintiff's Complaint, at pg. 5 [Docket Entry #1]. To the extent that Plaintiff seeks injunctive relief, 42 U.S.C. § 1997e(e) does not require a plaintiff to suffer physical injury before bringing a claim for injunctive relief. *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003) (stating "§ 1997e(e) does not apply to claims seeking injunctive or declaratory relief"). Therefore, Plaintiff's claims for injunctive relief, that all conditions be addressed properly, may proceed.

## Conclusion

For the reasons stated above, the court respectfully adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge. The court further recommits this case to

the Magistrate Judge for an Order authorizing issuance and service of process.

**IT IS SO ORDERED**.

May 10, 2007                                                                           s/ R. Bryan Harwell
Florence, South Carolina                                                     R. Bryan Harwell
                                                                                              United States District Judge