IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Grady Ashe, | ) | |
| | ) | |
| | ) | Civil Action No. 8:07-537-RBH-BHH |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | **)** | **OF MAGISTRATE JUDGE** |
| | ) | |
| Chief Jailer Franklin Y. Smith, | ) | |
| Sheriff Ray Nash, and Captain | ) | |
| Paster, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment (Docket Entry # 22) and the plaintiff's motion to appoint counsel (Docket Entry # 27).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on February 26, 2007, seeking damages and injunctive relief for alleged civil rights violations due to overcrowding, unsanitary living conditions, and improper handling of his food. When the plaintiff filed this action, he was incarcerated at the Dorchester County Detention Center. On March 1, 2007, the undersigned filed a report and recommendation recommending summary dismissal of all claims without service. (Docket Entry # 6.) On May 10, 2007, the United States District

Court filed an order adopting the report in part and dismissing the monetary claims, but allowing the injunctive relief claims to proceed. (Docket Entry # 11.)

The defendants then filed for summary judgment on September 20, 2007. (Docket Entry # 22.)  By order filed September 21, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 22, 2007, the plaintiff filed a response. On October 29, 2007, the plaintiff also filed a motion to have counsel appointed.

On December 12, 2007, however, the plaintiff filed a notice of change of address with the Court. (Docket Entry # 29.) The plaintiff has been transferred from the Dorchester County Detention Center to the Kirkland Detention Center. (*Id.*)  This case should be dismissed because the plaintiff was proceeding only on his injunctive claims and these claims are now moot. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (holding that prisoner's transfer to another facility mooted his claims for declaratory and injunctive relief). Accordingly, the undersigned recommends the dismissal of the plaintiff's claims.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the Plaintiff's claims be DISMISSED with prejudice.

It is further RECOMMENDED that the Plaintiff's pending Motion to Appoint Counsel be DENIED as moot.

IT IS SO RECOMMENDED.

S/Bruce Howe Hendricks
United States Magistrate Judge

December 182007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).**